**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 99-4617

RAMON ALBERTO GENAO,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Terrence W. Boyle, Chief District Judge.
(CR-96-62-BO)

Submitted: April 20, 2000

Decided: May 3, 2000

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Terence Lee Taylor, Greenville, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ramon Alberto Genao appeals his sentence imposed after pleading guilty to conspiracy to distribute and possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999). On appeal, Genao argues that U. S. Sentencing Guidelines Manual § 5G1.3(b), comment. (n.2) (1998) should have been applied to his sentence, resulting in credit for time served on a District of Columbia sentence resulting from a July 19, 1995, arrest because the prior offense was fully taken into consideration in determining his offense level. The Government agrees that Genao should have his sentence adjusted pursuant to USSG § 5G1.3(b), comment. (n.2). We vacate Genao's sentence and remand to the district court to determine whether the sentence should be adjusted under USSG§ 5G1.3(b), comment. (n.2).

Section 5G1.3(b) provides that if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." Application Note 2 instructs the court to "adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in the guideline range for the instant offense if the court determines that the period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." USSG§ 5G1.3(b), comment. (n.2).

The district court held that, pursuant to United States v. Wilson, 503 U.S. 329, 332 (1992), it lacked authority under 18 U.S.C. § 3585(b) (1994) to order Genao to be given credit for earlier time served on a related sentence. Although § 3585(b) mandates that defendants shall be given credit for such time served, the authority to award such credit is limited to the Bureau of Prisons (BOP). See Wilson, 503 U.S. at 332. However, the district court's order ignored Application Note 2, and failed to make a determination whether the BOP had already exercised its exclusive powers under§ 3585.

2

The district court has the authority under the Guidelines to adjust the sentence despite § 3585. There is no conflict because Application Note 2 applies only when the BOP has already exercised its exclusive powers under § 3585. See, e.g., United States v. Dorsey, 166 F.3d 558, 561-63 (interpreting sentencing court's power to award concurrent sentence pursuant to USSG § 5G1.3(b) and Application Note 2 as not conflicting with BOP's authority under § 3585(b) to award prior custody credit).

Accordingly, we vacate Genao's sentence and remand to the district court with directions to follow the dictates of USSG § 5G1.3(b), comment. (n.2) in resentencing him and to determine whether the BOP has already exercised its exclusive powers under 18 U.S.C. § 3585. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3